FILED
MAR 1 4 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Melvin Cesar JONES, Jr.,<br><br>Defendant. | Case No.: **19MJ8713**<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on March 8, 2019, to determine whether the Defendant, Melvin Cesar JONES, Jr., should be held in custody pending trial on the grounds that he is a flight risk. Assistant U.S. Attorney Andrew Chiang appeared on behalf of the United States. Leah Gonzalez of Federal Defenders appeared on behalf of Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services' criminal history report, and the criminal complaint issued against the Defendant on        March 8, 2019, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant.

1

# I
# **FINDINGS OF FACT**

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>:

1. The Defendant is charged in Criminal Complaint No. 19MJ8713 with the importation of 0.269 kilograms (0.59 pounds) of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, U.S.C., §§ 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 40 years is prescribed by the Controlled Substances Act (21 U.S.C.§ 801, et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant. See, 18 U.S.C. § 3142(e).

3. The offense carries with it a minimum mandatory sentence of 5 years and a maximum sentence of 40 years. See, 21 U.S.C. § 960(b)(2)(H). According to the United States Sentencing Guidelines, the Base Offense level is 26. See, USSG § 2D1.1(c)(7).

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2))</u>:

1. On March 7, 2019 a Customs and Border Protection Officer (CBPO) A. Zavala was working the primary pedestrian lane at the Calexico, California West Port of Entry (POE). At approximately 9:18 p.m. Melvin Cesar JONES, Jr. (JONES), DOB: 01/05/1987, a United States Citizen applied for admission into the United States.

2. JONES presented a California driver's license and provided a negative oral declaration. CBPO A. Zavala performed a pat down, witnessed by CBPO Brugman and felt a package hidden in JONES groin.

3. A Canine Enforcement Officer was called to screen JONES. His K9 alerted to JONES's groin area. Three bags filled with a white powdery substance were discovered hidden under JONES's underwear, as witnessed by Supervisory CBPO Brugman.

4. The bags were probed by CBPO A. Zavala and found to contain a crystal like substance that field tested positive for methamphetamine. The total weight of the packages was approximately 0.269 kilograms (0.59 pounds).

5. On May 7, 2019, at approximately 10:00 p.m., SA Jose L. Paez was notified by CBPO and responded to the Calexico, CA West POE. At approximately 10:40 PM, SA Paez read the Miranda Warnings to JONES in English. JONES waived his Miranda rights.

6. During questioning, JONES said he was offered five hundred US dollars to smuggle the drugs into the United States. JONES said he was aware the powdery substance was methamphetamine and he understood it was illegal to transport drugs into the United States.

C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3))</u>:

    1. Defendant is a citizen of the United States.

    2. Defendant resides in Brawley, California.

    3. Defendant has extensive criminal history, including 8 felony convictions, one of which was Escape from Federal Custody in 2013.

D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4))</u>:

1. The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community.

## II

## REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint No. 19MJ8713, to wit: the importation of 0.269 kilograms (0.59 pounds) of a mixture or substance containing a detectable amount of methamphetamine in violation of Title 21, U.S.C., §§ 952 and 960.

B. The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He is not eligible for safety valve relief from the mandatory minimum sentence. Therefore, he has a strong motive to flee.

C. Defendant's history and characteristics weigh heavily in favor of detention.

3

Defendant was convicted of Escape from Federal Custody in 2013. His supervised released has been revoked. He has significant criminal history including 8 felony convictions.

D. The Defendant has not rebutted the presumption, based upon the Court's findings, that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings. See, 18 U.S.C. § 3142 (e).

## III
## **ORDER**

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General, or his designated representative, for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.
IT IS SO ORDERED.

DATED: 3/14/19

HON. RUTH BERMUDEZ MONTENEGRO
U.S. MAGISTRATE JUDGE

Prepared by:

ROBERT S. BREWER, JR.
United States Attorney

Andrew Y. Chiang
Assistant U.S. Attorney

cc: Leah Gonzalez
Counsel for Defendant